[Civ. No. 1535.   Third Appellate District.—November 5, 1917.]

## COLUSA & HAMILTON RAILROAD COMPANY (a Corporation), Appellant, v. CHARLES ⸱ H. GLENN, Respondent.

EMINENT DOMAIN—DECISION IN ANOTHER ACTION—EFFECT UPON APPEAL.—A decision of the supreme court in an action in eminent domain is binding on the district court of appeal in the case of an appeal from the judgment and order denying a new trial in another action to condemn other land owned by a different defendant, where the physical conditions surrounding the lands involved in both actions were practically the same, and the testimony, the rulings, and the instructions substantially the same, and all the important points urged for a reversal of the judgment and order made and determined in such decision.

APPEAL from a judgment of the Superior Court of Glenn County, and from an order denying a new trial.   Wm. M. Finch, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, and George Freeman, for Appellant.

Charles L. Donohoe, and W. T. Belieu, Jr., for Respondent.

THE COURT.—This action is in eminent domain, and was initiated by the plaintiff for the purpose of condemning and thereby acquiring for its purposes a strip of land belonging to the defendant and comprising, as the jury found, 12.18 acres.

The jury assessed the damages for the land thus to be taken at the sum of $2,801.40 and for the land not taken, because of the depreciation in the value thereof by reason of

its severance from the land proposed to be taken and the resulting damage, at the sum of $14,130. Upon the verdict so returned the court made and caused to be entered judgment, from which and from the order denying the plaintiff a new trial the latter appeals.

The tract of land from which the strip is sought to be taken in the present case adjoins the tract of land of which a portion, involving approximately the area sought to be taken in this case, was condemned in the case of the *Colusa & Hamilton R. R. Co.* v. *Leonard,* 176 Cal. 109, [167 Pac. 878]. Upon an examination of the records of the present and the said Leonard case, we have found that the physical conditions surrounding the two tracts of land are substantially if not precisely the same; that is to say, that the two tracts are similarly situated with respect to the conditions that the evidence showed would exist as the result of the building and the running of the railroad tracks of the plaintiff, according to the plan as shown, through and over the strips to be taken, and that each tract would be equally subject to the increased danger, which it was shown would result to the untaken lands, from the flood waters of the Sacramento River, in case the levees protecting the lands against said stream were to give way from any of the causes suggested; that, therefore, the elements contributing to and forming the bases determinative of the depreciation of the value of the lands not taken by reason of the severance therefrom of the strips taken and of the use to which the latter were to be put in conformity with the design disclosed by the evidence were practically and substantially the same in both cases.

The Leonard case was the first of the two cases to be tried in the court below, the trial of the instant case following closely on the termination of the trial of the former. The testimony in both cases was practically the same, the rulings upon the important points the same, and the instructions, so far as the principles of law therein stated were concerned, were in all substantial particulars the same.

All the important points urged herein for a reversal of the judgment and the order appealed from were made and presented in the said case of *Colusa & Hamilton R. R. Co.* v. *Leonard, supra.* That case was elaborately and ably presented to the supreme court on behalf of the appellant in a large number of voluminous briefs, of which some were pre-

pared by the attorneys of record in the case and some by attorneys appearing *amici curiae,* and all involving forceful and able support of the position of the appellant on the various points relied upon for a reversal. The supreme court, in a well-considered opinion in that case, after giving such of the points so made as it conceived were of vital importance in the determination of the appeal, held that the record was free from substantial error, and so affirmed the judgment and the order.

Although counsel for the plaintiff filed in this case, on October 20, 1917, an additional or supplemental brief in which they enter into an analytical examination of the instructions given herein with the view of demonstrating that they did not properly state the law upon the question of damages, or, in other words, as to the ascertainment of the depreciation of the value of the untaken property, claiming that upon that proposition the instructions were not consistent with themselves and also that they were too abstract to furnish light upon the concrete elements entering into the basis upon which such depreciation may justly be founded, still we are perfectly satisfied that the decision of the supreme court upon all the vital points involved and presented in the Leonard case is, for the reasons above stated, decisive of the present case.

It may be added that a petition for a rehearing of the Leonard case was filed in the supreme court and the points therein decided and herein urged by the appellant again fully and ably discussed. A rehearing was denied by that court.

For the reasons above stated, we can see no reason for specifically examining and considering herein the points made against the validity of the judgment and the order appealed from. Accordingly, upon the authority of the case of *Colusa & Hamilton R. R. Co.* v. *Leonard,* the judgment and the order which are the bases of these appeals are affirmed.